**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>SUNCAST CORP.<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Rubbermaid Commercial Products, LLC ("Rubbermaid") hereby states its Complaint for patent infringement against Defendant Suncast Corp. ("Suncast") and avers as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Rubbermaid, a leading designer and provider of innovative, solution-based products for commercial and institutional markets worldwide.

3. In keeping with its tradition of innovation, Rubbermaid has been granted numerous patents covering and protecting its valuable intellectual property. One such patent, U.S. Patent No. 7,712,623 (the "'623 Patent") discloses

a novel trash receptacle that reduces the suction or vacuum effect in the bottom portion of the receptacle as trash bags are removed.

4. Suncast currently offers for sale and sells trash receptacles, believed to be under the designation "Resin Trash Cans," that use the same technology to allow for easy liner removal. The Resin Trash Cans are available at various retailers, including Home Depot.

5. By making, using, offering for sale, or selling the Resin Trash Cans, Suncast is infringing one or more claims of the '623 Patent. Rubbermaid seeks preliminary and permanent injunctive relief and monetary relief.

6. Moreover, given the circumstances of Defendant's acts of infringement, the present case is exceptional, and Rubbermaid is entitled to enhanced damages and an award of its attorneys' fees.

## PARTIES

7. Rubbermaid is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Winchester, Virginia.

8. On information and belief, Suncast is an Illinois corporation with its principal place of business at 701 North Kirk Road, Batavia, Illinois 60510.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the laws of the United States, 35 U.S.C. § 1 *et seq.*

10. On information and belief, this Court has both general and specific personal jurisdiction over Suncast because Suncast is doing business and has done business in the State of Georgia and in this district, or is otherwise a resident of this jurisdiction. Suncast maintains a registered agent in the State of Georgia at 3015 Bloxley Court, Roswell, GA 30075.

11. On information and belief, Suncast sells and offers for sale the products at issue in this district and maintains a regular and established place of business in this district at 6400 Highlands Pkwy SE, Smyrna, Georgia 30082 for manufacturing equipment it sells. In addition, Suncast directs its sales activities to this forum by advertising via its website.

12. Given that Suncast sells and offers for sale the products at issue in this district and maintains a regular and established place of business in this district, venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND
### Rubbermaid's Products and Patent Rights

13. Rubbermaid has invested substantial time, money and effort in designing and developing its innovative products. Rubbermaid invented a novel

trash receptacle that reduces the suction or vacuum effect in the bottom portion of the receptacle as trash bags are removed.

14. Rubbermaid has commercialized its trash receptacle by offering such receptacles for sale in Georgia and elsewhere. Rubbermaid has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States.

15. On May 11, 2010, after a full and fair examination, the United States Patent and Trademark Office issued the '623 Patent, entitled "RECEPTACLE WITH VENT." A true and correct copy of the '623 Patent is attached hereto as Exhibit A. Rubbermaid owns all right, title, and interest to the '623 Patent, including the right to sue for infringement thereof.

## Suncast's Infringing Products

16. On information and belief, Suncast manufactures, offers for sale, and sells trash receptacles under the designation "Resin Trash Cans."

17. Suncast has offered and continues to offer for sale the Resin Trash Can products at various retail establishments, including Home Depot, and including in this district.

18. The following is a fair and accurate depiction of a Suncast Resin Trash Can product.



19.     The Suncast Resin Trash Can product is a trash can having vents which allow for easy removal of liners.

## COUNT 1
## PATENT INFRINGEMENT

20.     The allegations contained in paragraphs 1–19 above are incorporated by reference as if fully set forth herein.

21.     The '623 Patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

22.     Claim 1 of the '623 Patent claims the following invention:

> A receptacle, comprising:
> a first chamber section configured to receive items, the first chamber section having a first side wall and a bottom wall; a second chamber section located above the first chamber section, wherein the second chamber section has a second side wall and an internal width that is

wider than an internal width of the first chamber section; and a vent providing fluid communication between the second chamber section and a bottom area of the first chamber section, wherein the vent is formed by first, second, third, and fourth outward protrusions along an outer periphery of the first side wall and each protrusion includes two side surfaces, wherein each outward protrusion has an internal width between the two side surfaces ranging from about 1 inch to about 3.5 inches and a depth ranging from about 0.25 inches to about 0.90 inches, wherein the first side wall includes a first side wall portion between the first and second protrusions, a second side wall portion between the second and third protrusions, a third side wall portion between the third and fourth protrusions, and a fourth side wall portion between the fourth and first protrusions, wherein a distance along the first side wall portion between the first and second protrusions and a distance along the third side wall portion between the third and fourth protrusions are both greater than a distance along the second side wall portion between the second and third protrusions and a distance along the fourth side wall portion between the fourth and first protrusions, and wherein no other outward protrusions are formed along the first side wall portion between the first and second protrusions and along the third side wall portion between the third and fourth protrusions.

23. Suncast's Resin Utility Trash Can products include all the elements set forth in claim 1. The Suncast Trash Can includes a first chamber section and a second chamber section with the internal width of the second chamber wider than the first chamber; a vent that provides fluid communication between the second chamber section and the bottom area of the first chamber section; vents formed by first, second, third, and fourth outward protrusions along the outer periphery of the first side wall and each protrusion includes two side surfaces, where the outward protrusions contain internal widths within the range set forth in claim 1 and the depths are within the range set forth in claim 1; and no other outward protrusions

6

formed along the first side wall portion between the first and second protrusions and along the third side wall portion between the third and fourth protrusions.

24. The Resin Trash Cans infringe at least claim 1 of United States Patent No. 7,712,623.

25. Suncast has been and is currently directly infringing at least claim 1 of the '623 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, without license or authority, products covered by the '623 Patent, including, for example, the Resin Utility Trash Can products discussed above.

26. Suncast's acts have been without express or implied license from Rubbermaid, and are willful and in reckless disregard of Rubbermaid's patent rights.

27. On information and belief, Suncast will continue to infringe the '623 Patent unless enjoined by this Court.

28. As a result of Suncast's acts of infringement, Rubbermaid has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Rubbermaid is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

29. As a result of Suncast's infringement, Rubbermaid has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to Defendant Suncast's profits under 35 U.S.C. § 289.

### REQUEST FOR RELIEF

WHEREFORE, Rubbermaid respectfully prays for judgment as follows:

A. A judgment that Defendant Suncast has infringed the '623 Patent;

B. An order preliminary and permanently enjoining Suncast, its officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the '623 Patent;

C. An order for destruction of the means employed by Defendant to commit the acts of infringement complained of above;

D. An award of damages adequate to compensate Rubbermaid for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, and an order trebling the damages by reason of the willful and deliberate nature of Defendant's acts of infringement, also pursuant to 35 U.S.C. § 284;

E. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Rubbermaid of its reasonable attorneys' fees and other costs and expenses incurred in the prosecution of this action; and

F. An award of such other and further relief as the Court deems just and

proper.

## JURY DEMAND

Rubbermaid demands a trial by jury on all issues so triable.

Respectfully submitted, this 27th day of July 2017.

                MEUNIER CARLIN & CURFMAN LLC

                /s/ John W. Harbin
                John W. Harbin
                Georgia State Bar No. 324130
                Stephen M. Schaetzel
                Georgia State Bar No. 628653
                Gregory J. Carlin
                Georgia State Bar No. 455865
                999 Peachtree Street NE, Suite 1300
                Atlanta, Georgia 30309
                Tel: 404-645-7700
                Email: jharbin@mcciplaw.com
                       sschaetzel@mcciplaw.com
                       gcarlin@mcciplaw.com

                *Counsel for Plaintiff*
                *Rubbermaid Commercial Products, LLC*